FILED & ENTERED

JAN 21 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum        DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>C & M RUSSELL, LLC,<br><br>Debtor.<br><br>_____<br><br>MATTIE BELINDA EVANS, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ALAN TIPPIE, et al.,<br><br>Defendants. | Case No. 2:11-bk-53845-RK<br><br>Chapter 7<br><br>Adv. No. 2:19-ap-01205-RK<br><br>**SEPARATE STATEMENT OF DECISION ON MOTION OF DEFENDANTS TO COMPEL PLAINTIFF AS VEXATIOUS LITIGANT TO POST SECURITY AND TO RESTRICT PLAINTIFF'S FUTURE FILINGS**<br><br>Date: January 8, 2019<br>Time: 2:00 p.m.<br>Place:  Courtroom 1675<br>       Roybal Federal Building<br>       255 East Temple Street<br>       Los Angeles, CA 90012 |

By a separate order, the court rules upon and grants the motion of Defendants Alan G. Tippee as an individual and as managing member of SulmeyerKupetz, APC, and SulmeyerKupetz, APC, to compel Plaintiff Mattie Belinda Evans as an individual and acting on behalf of C & M Russell, LLC, as vexatious litigant to post security to proceed with this case, to dismiss this case if such security is not posted and to enjoin

1  Plaintiff's further filings against Defendants pursuant to California Code of Civil

2  Procedure § 391 and the All Writs Act, 28 U.S.C. § 1651(a).  This motion came for

3  hearing before the court on January 8, 2020 at 2:00 p.m., and appearances were made

4  on behalf of Defendants, but no appearance was made by Plaintiff.  (In their moving

5  papers, Defendants sometimes refer to Plaintiffs in the plural form since Plaintiff Mattie

6  Belinda Evans alleged in the complaint that she was acting of behalf of C & M Russell,

7  LLC, a limited liability company, which is a non-individual entity, but since she is not an

8  attorney at law admitted to practice in the Central District of California, she cannot

9  properly represent an entity party, such as C & M Russell, LLC, which may not appear

10 in this case without counsel pursuant to Local Bankruptcy Rule 9011-2(a).  Because the

11 relief sought in the Motion relates to Plaintiff Mattie Belinda Evans in her self-

12 represented, or *in propria persona,* status, this decision and the order thereon refer to

13 her as Plaintiff in the singular form.)

14      Although the court stated its reasons for its ruling on the Motion at the hearing on

15 January 8, 2020, the court now sets forth additional explanation of its reasoning in this

16 separate statement of decision.

17      The court first states that it may determine Defendants' motion under California

18 Code of Civil Procedure § 391 pursuant to Local Bankruptcy Rule 1001-1(e) that

19 permits the court to look to the Federal Rules of Civil Procedure, the Federal Rules of

20 Bankruptcy Procedure or the "Local Civil Rules," which refer to the Local Civil Rules of

21 the United States District Court for the Central District of California, on a matter not

22 specifically covered by the Local Bankruptcy Rules, such as a determination of a party

23 as a vexatious litigant.  As argued by Defendants in the Motion at 11, the Local Civil

24 Rules of the United States District Court for the Central District of California in Rule 83-

25 8.4 permits the court in its discretion to proceed by reference to the California Vexatious

26 Litigant statute in California Code of Civil Procedure §§ 391 – 391.7.  In considering the

27 relief requested in the Motion to bar or enjoin repetitious litigation by Plaintiff against

28 Defendants, the court also considers the All Writs Act, 28 U.S.C. § 1651(a) ("The

Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.").

In the Motion Defendants requested that the court determine that Plaintiff is a vexatious litigant, that Plaintiff as a vexatious litigant should be compelled to post security before proceeding with this litigation against them, that if Plaintiff fails to post security, this litigation should be dismissed and that a pre-filing order requiring Plaintiff obtain leave of court from filing any further litigation *in propria persona* against Defendants.

As shown by the evidence of Plaintiff's prior litigation against Defendants in the Motion, Plaintiff representing herself sued them for legal malpractice, misrepresentation and related claims in a state court lawsuit relating to their representation of C & M Russell, LLC, the limited liability company in which Plaintiff was the chief executive manager and part owner, in this Chapter 11 bankruptcy case in which C & M Russell, LLC, was the debtor.  That state court lawsuit was removed to this court as an adversary proceeding in this case, and Defendants moved for summary judgment on grounds that the approval of their final professional fee application by this court was res judicata as to any legal malpractice claims, which the court granted, and the summary judgment was a final judgment precluding Plaintiff from suing Defendants relating to the representation of C & M Russell, LLC.  Plaintiff took an appeal of the summary judgment to the Bankruptcy Appellate Panel, which affirmed the judgment.

Subsequently, Plaintiff again representing herself filed this action, a new state court lawsuit, against Defendants for breach of contract, misrepresentation and related claims relating to their representation of C & M Russell, LLC, in this case.  Defendants removed this new action to this court in this case, and they filed this motion for a determination that Plaintiff is a vexatious litigant, that she should be compelled to post security to proceed in this case and that she should be barred from filing new actions against them.

1    Plaintiff meets the definition of a vexatious litigant under California Code of Civil

2 Procedure § 391(b)(2) as there has been litigation finally determined against her, the

3 first state court action removed to this court, and she repeatedly relitigates or attempts

4 to relitigate, in propria persona, in this new lawsuit, either the validity of the

5 determination against the same defendant or defendants as to whom the litigation was

6 finally determined or the cause of action, claim, controversy, or any of the issues of

7 facts or law, determined or concluded by the final determination against the same

8 defendant or defendants as to whom the litigation was finally determined.  Specifically,

9 Plaintiff repeatedly relitigates or attempts to relitigate her claims against Defendants for

10 legal malpractice, misrepresentation and related claims arising out of their

11 representation of C & M Russell, LLC, in this bankruptcy case.  In granting summary

12 judgment for Defendants in the prior adversary proceeding in this case, the court

13 determined that Defendants had no attorney-client or other contractual relationship with

14 Plaintiff because their representation was of C & M Russell, LLC, and not Plaintiff in her

15 individual or personal capacity, though she was involved in C & M Russell, LLC, and

16 that this court's final order approving Defendants' final professional fee application for

17 their legal services representing C & M Russell, LLC, relating to this case was res

18 judicata as to any claim for legal malpractice or breach of fiduciary duty for such

19 services.  Also, as noted in the Motion at 4, Plaintiff had a third, earlier, lawsuit filed in

20 state court against Defendants, which she voluntarily dismissed after they apparently

21 filed a demurrer.

22    Requiring Plaintiff to furnish security before proceeding with this lawsuit is proper

23 under California Code of Civil Procedure § 391.1 because it is supported by a showing

24 in the moving papers that Plaintiff is a vexatious litigant as discussed above and

25 Defendants' showing that there is not a reasonable probability that she will prevail in the

26 litigation against the Defendants as the moving parties.  As discussed above, the

27 evidence in support of the Motion shows that Plaintiff does not have a reasonable

28 probability of prevailing in this lawsuit against Defendants because she is suing them

again for acts relating to their representation of C & M Russell, LLC, in this bankruptcy

case for which Defendants obtained a final judgment in their favor in the prior adversary

proceeding as discussed above.  Moreover, Plaintiff in her opposition papers does not

specifically address whether she has a reasonable probability of prevailing in this

lawsuit.

Defendants assert that Plaintiff should be compelled to post a security in a bond

in the amount of $75,000 based on the costs of defending the prior lawsuit charged at

the rate of $300.00 per hour, and increasing.  While Defendants made this assertion in

the moving papers, it was not supported by a declaration under penalty of perjury.

Counsel for Defendants, Elissa Miller, of SulmeyerKupetz, APC, made an offer of proof

as a member of the firm knowledgeable about the costs of this case that such amount

would be the cost of defense in this lawsuit, including costs so far, the anticipated costs

of defending removal of the case to this court which would be likely contested by

Plaintiff, of having to bring another motion for summary judgment based on res judicata

and of having to participate in an appeal as was in the prior adversary proceeding.  In

this regard, the primary defendant, Alan Tippie, is represented by other attorneys of his

firm, Defendant SulmeyerKupetz, APC, which is also representing itself, and

Defendants have to absorb the costs of defense of having the firm's attorneys defending

this case rather than spending time on income-producing work for other clients.  At the

hearing, the court accepted the offer of proof of Defendants' counsel, which was not

contested as reasonable because the amount of fees were based on a reasonable rate

of $300.00 per hour for fees charged by a law firm of experienced bankruptcy law

specialists such as Defendants and $75,000 represents 250 hours of attorney time,

which appears to be reasonable based on the experience of the prior adversary

proceeding for purposes of assuring the payment of Defendants' reasonable expenses

incurred in or in connection with litigation instituted, caused to be instituted, or

maintained or caused to be maintained by a vexatious litigant within the meaning of

California Code of Civil Procedure §§ 391(c) and 391.3.

1    Defendants assert that Plaintiff's lawsuit should be dismissed if she fails to post

2    the requested security within 30 days pursuant to California Code of Civil Procedure §

3    391.4, which provides that if security is not furnished as ordered, the litigation shall be

4    dismissed as to the defendant for whose benefit it was ordered furnished.  Although

5    California Code of Civil Procedure § 391.4 does not specify a particular deadline for

6    posting security, the requested 30-day deadline is reasonable.

7    Imposing a prefiling restriction against Plaintiff by enjoining her from bringing any

8    further litigation against Defendants relating to their representation of C & M Russell,

9    LLC, in this bankruptcy case is proper either under the All Writs Act, 28 U.S.C. §

10    1651(a) ("The Supreme Court and all courts established by Act of Congress may issue

11    all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to

12    the usages and principles of law.") or California Code of Civil Procedure §391.7.  *See*

13    *also,* 28 U.S.C. §§ 151 *et seq.* (referring to establishment of the bankruptcy courts).

14    Under the case law, the court may pursuant to the All Writs Act may impose a prefiling

15    restriction on a vexatious litigant where there is notice and opportunity to be heard,

16    there is an adequate record for review, there are substantive findings of frivolousness or

17    harassment and the prefiling order is narrowly tailored to the vexatious litigant's

18    wrongful behavior.  *Ringgold-Lockhart v. County of Los Angeles,* 761 F.3d 1057, 1061-

19    1067 (9th Cir. 2014), *citing and quoting, De Long v. Hennessey,* 912 F.2d 1144, 1147-

20    1148 (9th Cir. 1990) and *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1057-1059

21    (9th Cir. 2007).  In this case, Plaintiff was given notice and opportunity to be heard as

22    Defendants served her with notice of the motion and the motion, and the court served

23    her with notice of the continued hearing, and she filed written opposition papers.

24    Although Plaintiff did not appear at the final hearing on the Motion on January 8, 2020,

25    as discussed above, she was given adequate notice.  There is an adequate record for

26    review of the cases and motions that lead this court to conclude that a vexatious litigant

27    order is needed as shown by copies of the complaints in the prior state court lawsuit

28    and the current state court lawsuit, both lawsuits removed to this court as adversary

proceedings and this court's judgment and statement of uncontroverted facts and conclusions of law in the prior adversary proceeding, showing that Plaintiff is relitigating claims against Defendants already finally determined.  The court has made substantive findings as to the frivolousness or harassing nature of Plaintiff's actions as discussed herein or in the court's oral rulings at the hearing on the Motion on January 8, 2020, that is, the judgment in the prior adversary proceeding precludes Plaintiff from suing Defendants again on claims relating to their representation of C & M Russell, LLC.  The relief to be granted is narrowly tailored to the wrongful behavior of Plaintiff here, that is, she should not be allowed to sue Defendants on claims that were already determined. *Ringgold-Lockhart v. County of Los Angeles,* 761 F.3d at 1067 ("From our review of the case law discussing vexatious litigants, it is not uncommon for district courts to enjoin litigants from relitigating a *particular* case, such as when a litigant refuses to accept the finality of an adverse judgment.  But in such cases, courts generally tailor the scope of a litigation restriction so as to restrain litigants from 'reopen[ing] litigation based on facts and issues decided in' previous lawsuits.  The underlying litigation here attempts to reopen a case that has reached final judgment.  'A narrowly tailored injunction . . . would address only filings in that or related actions.'")(emphasis in original; citations omitted).

California Code of Civil Procedure § 391.7 provides that the court may on its own motion or on the motion of any party may enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed.  Instead of adopting this specific relief requiring prior leave of court to file new litigation, this court as discussed above adopts a narrowly tailored injunction that enjoins Plaintiff from filing new litigation against Defendants relating to the matters previously litigated in the prior adversary proceeding pursuant to the All Writs Act.

In addition to the reasons stated at the hearing, for the foregoing reasons, the court grants Defendants' motion to determine Plaintiff as a vexatious litigant and their

1  requested relief requiring Plaintiff to post security, to dismiss the adversary proceeding if

2  she fails to post security within 30 days of the date of entry of the order granting the

3  Motion and to enjoin Plaintiff from bringing any further litigation against them relating to

4  their representation of C & M Russell, LLC, litigated in the prior adversary proceeding.

5      IT IS SO ORDERED.

6                                    ###

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  Date: January 21, 2020

26                              Robert Kwan
                                United States Bankruptcy Judge

27

28